IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY BOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:2:21-cv-613-SMD |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 30, 2022, the Commissioner filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). Comm'r's Mot. (Doc. 16). The Commissioner requests that the Court reverse the Commissioner's decision and remand this case for further consideration and administrative action pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* p. 1. The Commissioner avers that, on remand, the Appeals Council will instruct the ALJ to: "(1) further evaluate the prior administrative findings from Dr. Estock; (2) further evaluate Plaintiff's residual functional capacity; (3) obtain supplemental vocational evidence; (4) identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles, pursuant to Social Security Ruling 00-4p; (5) offer Plaintiff an opportunity for a hearing; (6) take any further action to complete the administrative record; and (7) issue a new decision." Comm'r's Br. (Doc. 17) p. 1.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as the Commissioner concedes reconsideration and further administrative actions are necessary. Furthermore, Plaintiff does not oppose the motion. Accordingly, it is

ORDERED that the Commissioner's Unopposed Motion for Entry of Judgment Under Sentence Four (Doc. 16) is GRANTED and that the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g) consistent with the Commissioner's motion. Further, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.

Done this 31st day of March, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE